```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                                :
ALTON D. BROWN                  :   CIVIL ACTION
                                :
            Petitioner,         :
                                :
       v.                       :   NO. 08-4782
                                :
DAVID DIGUGLIELMO, ET AL.       :
            Respondents.        :
_____:
ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE
```

### REPORT AND RECOMMENDATION

Petitioner Alton Brown, ("Brown") filed a federal habeas petition pursuant to 28 U.S.C. § 2254, asserting twenty-four separate grounds for habeas relief. On March 15, 2010, the undersigned prepared a Report and Recommendation, recommending that Petitioner's habeas petition should be dismissed as untimely. With the permission of the Honorable James Knoll Gardner, Petitioner filed an amended habeas petition on July 15, 2011, addressing his claim for equitable tolling. Judge Gardner then remanded this matter back to the undersigned for consideration of Petitioner's amended petition and the timeliness of the petition. Having considered Petitioner's argument for equitable tolling, I again recommend that the petition is untimely and should be dismissed with no evidentiary hearing and no issuance of a certificate of appealability.

### I.      FACTS AND PROCEDURAL HISTORY

The state court record discloses the following time line.

Following a three day trial, Brown was convicted on November 19, 1997 of two counts of robbery and two counts of possession of a weapon. On January 8, 1998, Brown was sentenced to a term of ten to twenty years incarceration on each count, to be served consecutively. On December 22, 1998, the Pennsylvania Superior Court affirmed the conviction and sentence. (Resp. Ex. C.) The Pennsylvania Supreme Court denied Brown's petition for allowance of appeal on June 16, 1999. (Resp. Ex. E.) For the purposes of habeas review, this decision became final on September 14, 1999, when the time for filing a certiorari petition to the United States Supreme Court expired without Brown having pursued such relief.[1]

On September 14, 1999, the one-year federal statute of limitations provided by 28 U.S.C. § 2244(d)(1) began to run and continued to run for 219 days until April 20, 2000, when Brown filed a petition pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. § 9541 et seq. The PCRA petition was extensively litigated in the state courts. Brown was granted an evidentiary hearing on his petition before it was ultimately rejected by the PCRA court in an order dated November

---

[1] See 28 U.S.C. § 2101(c) (requiring certiorari petition be filed within 90 days after entry of judgment or decree); see also Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (holding "it is axiomatic that direct review of a state court criminal judgment includes the right to seek certiorari review in the United States Supreme Court," thus "a state court criminal judgment is 'final' (for purposes of collateral attack) at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires").

28, 2000.  The PCRA court was affirmed by the Superior Court on February 22, 2002.[2]  On February 24, 2004, the Pennsylvania Supreme Court granted Brown's petition for allowance of appeal, vacated the Superior Court's order and remanded the case to the PCRA court.  (Resp. Ex. Q.)  The PCRA court conducted an additional evidentiary hearing before issuing a decision on February 22, 2005 again denying the petition.[3]  This decision was affirmed by the Superior Court on March 14, 2007.  (Resp. Ex. W.)  On November 21, 2007, the Pennsylvania Supreme Court denied Brown's petition for allowance of appeal.  On October 6, 2008, Petitioner filed the instant habeas petition.  On March 15, 2010, I recommended dismissing the petition as untimely.  Petitioner filed objections to my R&R on April 7, 2010, and Respondents filed a Response to the objections on August 30, 2010.

       Thereafter, on September 7, 2010, Petitioner filed a motion in which he requested leave to amend his habeas petition.  Respondents responded to Petitioner's motion to amend on April 11, 2011, and on April 15, 2011, Judge Gardner granted Petitioner's request to amend his habeas petition.  On July 15, 2011, Petitioner filed his amended petition for writ of habeas

---

[2] After the Superior Court denied the appeal, but while Brown's petition for allowance of appeal was pending in the Pennsylvania Supreme Court, he filed a second PCRA petition.  On October 10, 2002, the PCRA court issued an order deferring action on the second petition pending the outcome of the appeal of the first petition.  (Resp. Ex. M.)

[3] While an appeal of this decision was pending, Brown filed another PCRA petition, his third, alleging a conspiracy to sabotage his appeal.  This petition was dismissed on November 4, 2005, as untimely.  (Resp. Ex. V.)

corpus, and Respondents answered this amended petition ("Resp. To Am. Pet.") on August 22, 2011.

**II.      DISCUSSION**

In my previous R&R, I recommended that Brown was required to file his federal habeas petition on or before January 6, 2008, and that since he failed to file his petition until October 6, 2008, his petition was untimely and should be dismissed. I incorporate the prior discussion regarding statutory tolling that was set forth in my first report and recommendation.

**A.   Equitable Tolling**

The Third Circuit has held that the one-year period of limitations contained in § 2244(d)(1) does not impose a jurisdictional bar. See Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Thus, district courts may equitably toll the one-year period of limitations when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Id. at 617. However, this doctrine is to be sparingly invoked, Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d. Cir. 1999), "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." La Cava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005) (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)). "[A] litigant seeking equitable

4

tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently; and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.  A habeas petitioner may establish grounds for equitable tolling by showing that (a) the government has actively misled the petitioner; (b) the rights in question were timely asserted, but in the wrong forum; or (c) the petitioner has in some extraordinary way been prevented from asserting his rights." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

      In his amended habeas petition, Brown argues for the first time that he is entitled to equitable tolling due to alleged physical and mental abuse at the hands of the prison staff that led to the development of post-traumatic stress disorder.  (See Am. Pet. at 2.)  However, a review of the record shows that Brown clearly cannot be found to have pursued his claims diligently, as required for equitable tolling to apply to excuse his late filing.  Further, even if Brown was diligent, equitable tolling still cannot apply, as he failed to prove that extraordinary circumstances prevented him from timely filing his petition.  Accordingly, I recommend that equitable tolling does

not apply in this matter and Brown's habeas petition should be dismissed as time-barred.

### 1. Exercise of Reasonable Diligence

Assuming arguendo that Brown was prevented from filing his habeas petition during the relevant time frame either by physical abuse or by his alleged post-traumatic stress disorder, this Court must also examine Brown's due diligence in pursuing the matter under the specific circumstances he faced. Traub v. Folino, No. 04-386, 2004 WL 2252115, at *2 (E.D. Pa. Oct. 5, 2004) (citing Schleuter v. Varner, 384 F.3d 69 (3d Cir. 2004)) (affirming dismissal of habeas petition as time barred and not entitled to equitable tolling because lengthy periods of time had elapsed following his conviction before he sought relief). It is Brown's burden to show that he acted with reasonable diligence and that extraordinary circumstances caused his petition to be untimely. Id.

Under the circumstances of this case, Brown did not act in a reasonably diligent fashion because a reasonably diligent petitioner would have acted promptly to preserve his rights not only in the state court, but also in *this* Court. During the time that he could have been timely filing the instant habeas petition, Brown filed four PCRA petitions, four notices of appeal with the Pennsylvania Superior Court, and three petitions for allowance of appeal with the Pennsylvania Supreme Court. (Resp.

6

1

to Am. Pet. Ex. A.)  Further, also during the time when he could have timely filed the instant habeas petition, Brown was engaging in extensive litigation in the Delaware County Court of Common Pleas on six burglary charges which were unrelated to the charges underlying the instant habeas petition.  (Resp. to Am. Pet. Ex. B.)  In the Delaware County matter, Brown filed two PCRA petitions, four appeals to the Superior Court, two petitions for allowance of appeal to the Supreme Court, and a petition for modification of sentence.  (Resp. to Am. Pet. Ex. B.)  According to Respondents, during this same time period, Brown also filed sixteen cases in the Pennsylvania Commonwealth Court.  (Resp. to Am. Pet. at 6.)

In addition, Brown filed numerous federal cases during the period that he could have timely filed the instant habeas. In December of 2004, he filed a section 1983 civil suit against the District Attorney of Montgomery County and others, seeking compensation for injuries he allegedly suffered prior to his conviction.  (Resp. to Am. Pet. Ex. C.)  During the pendency of this matter, Brown filed eight motions, a request for waiver of service, a waiver of service, a complaint, an amended complaint, and six responses or reply briefs.  (Resp. to Am. Pet. Ex. C.) When he was unsuccessful, Brown appealed this matter to the Third Circuit, which dismissed his appeal for failure to timely prosecute.  (Resp. to Am. Pet. Ex. C.)

Further, in 2005, Brown filed a petition for writ of habeas corpus in this Court from his Delaware County convictions. (Resp. to Am. Pet. Ex. D.) I recommended that Brown's petition be dismissed, Brown filed objections, and the Honorable James Knoll Gardner approved and adopted my report and recommendation, dismissing Brown's habeas petition.

In 2006, still during the time period in which he could have timely filed a habeas petition in the instant matter, Brown filed another petition for habeas corpus from yet another Delaware County conviction unrelated to the instant matter. (Resp. to Am. Pet. Ex. E.) During the pendency of this matter, Brown again filed multiple motions, requests, etc.

I recommend that Brown's multiple state and federal court filings demonstrate that any alleged post-traumatic stress disorder would not have prevented him from timely raising claims for relief in federal court if he had diligently pursued his habeas claims, as this alleged mental impairment did not prevent him from pursuing numerous other state and federal claims. Therefore, I recommend that Brown is not entitled to equitable tolling.

**2.   Extraordinary Circumstances**

Brown argues that he was subjected to physical abuse from prison staff and that due to that abuse, he suffers from post-traumatic stress disorder ("PTSD"). He claims that this

contributed to his inability to file a timely habeas petition in this matter.  However, I recommend that Brown's PTSD, if any, did not preclude his ability to timely file a habeas petition.

The Third Circuit has held that ongoing mental incompetency, coupled with attorney abandonment, may toll the AEDPA statute of limitations in some circumstances.  <u>Nara v. Frank</u>, 264 F.3d 310 (3d. Cir. 2001), overruled in part on other grounds, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002).  In so doing, however, the Court cautioned that "mental incompetence is not a *per se* reason to toll a statute of limitations."  <u>Id.</u> at 320.  Instead, "the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition."  <u>Id.</u>  The Third Circuit has not "held that 'mental health problems,' an undefined and expansive category, constitutes a basis for equitable tolling" in and of itself.  <u>U.S. v. Harris</u>, 268 F. Supp. 2d 500, 506 (E.D. Pa. 2003) (Dalzell, J.)(equitable tolling requires "an inability to pursue one's legal rights" and "a nexus between the petitioner's mental condition and her inability to file a timely petition").

Applying the Third Circuit's ruling in <u>Nara</u>, courts in this district have determined that "a mental condition that burdens but does not prevent a prisoner from filing a timely petition does not constitute 'extraordinary circumstances' justifying equitable tolling."  <u>Harris</u>, 268 F. Supp. 2d at 506.

9

See also Clapsadl v. Shannon, No. 02-CV-4621, 2003 WL 22871663, at *1 (E.D. Pa. 2003) (Surrick, J.) (same). Accordingly, "[e]quitable tolling may be appropriate because of petitioner's mental illness, but only when condition made it impossible to file a petition on time." Heath v. Commonwealth, C.A. Nos. 06-4787, 07-1766, 07-3013, 2007 WL 2207776, at *3 (E.D. Pa. July 27, 2007) (Sánchez, J.) (internal quotations and citation omitted).

First, Brown's alleged PTSD is not verified by a medical professional. There is no medical record or other report from a doctor or other medical professional that states that Plaintiff suffers from PTSD. Brown has self-diagnosed his PTSD, which is particularly evident when one considers that Brown's recitation of his symptoms, as stated in his amended habeas petition, is a verbatim copy of the DSM-IV's definition of PTSD. (See Am. Pet. at 8-9.)

Second, even if Brown was suffering from PTSD, it cannot be said that this condition made it impossible for him to file his habeas on time. Courts in this Circuit have looked at the totality of the petitioner's circumstances to determine whether the petitioner's alleged mental condition has been shows to have prevented petitioner, during the habeas statutory period, from timely filing a habeas petition. Griffin v. Stickman, CA No. 04-975, 2004 WL 1821142, at *6 (E.D.Pa., Aug. 11,

2004)(Angell, J.) citing U.S. v. Harris, 267 F.Supp.2d 500 (E.D.Pa., 2003); Graham v. Kyler, 2002 WL 32149019, at *3 (E.D.Pa., Oct. 31, 2002); Williams v. Sobina, CA No. 03-4692, 2004 WL 1396744 (E.D.Pa., June 21, 2004).  Factors considered by courts include: whether the petitioner has been adjudicated incompetent, and if so, when in relation to the habeas statutory period; whether petitioner has been institutionalized for his/her mental impairment; whether petitioner has handled or assisted in other legal matters which required action during the limitations period; and whether petitioner's allegations of impairment are supported by extrinsic evidence such as evaluations and/or medication.  Griffin, 2004 WL 1821142 at *6.

      Brown has never been adjudicated incompetent, nor has he ever been institutionalized for his alleged mental impairment.  He filed multiple pleadings and legal matters in both state and federal court when he could have been timely filing the instant habeas, and there is absolutely no extrinsic evidence to support his allegations of a mental impairment in the nature of PTSD.  Brown's self-diagnosis of PTSD does not make a threshold showing of mental incompetence sufficient to toll the AEDPA statute of limitations.  There is absolutely no evidence that Brown's alleged mental condition prevented him from filing a timely habeas petition in this Court.

**IV.    CONCLUSION**

I recommend that Brown is not eligible for equitable tolling of the AEDPA one year limitations period.  Therefore, federal habeas review is precluded.  Moreover, I recommend that reasonable jurists would not debate the appropriateness of this disposition of Brown's claims.  Thus, a certificate of appealability should not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Accordingly, I make the following:

**RECOMMENDATION**

AND NOW, this 29th day of December, 2011, IT IS RESPECTFULLY RECOMMENDED that this matter should be DISMISSED without an evidentiary hearing. I further RECOMMEND that there is no probable cause to issue a certificate of appealability.

The Petitioner may file objections to this Report and Recommendation.  See Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

```
                            BY THE COURT:


                            /s/ Arnold C. Rapoport
                            _____
                            ARNOLD C. RAPOPORT
                            UNITED STATES MAGISTRATE JUDGE
```