```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

ALTON D. BROWN                  )
                                )   Civil Action
           Petitioner           )   08-cv-04782
                                )
    vs.                         )
                                )
DAVID DIGUGLIELMO,              )
   Superintendent,              )
RISA VETRI FERMAN, District     )
   Attorney, and                )
TOM CORBETT, Attorney General   )
                                )
           Respondents          )

                   O R D E R

NOW, this 29th day of January, 2015, upon consideration of the following documents:

    1) Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner pro se on November 18, 2008 ("Original Petition") (Document 3);

    2) Commonwealth's Answer to Petitioner's Habeas Corpus Petition, which answer was filed October 2, 2009 (Document 10), together with

        a) Commonwealth's Memorandum of Law in Support of its Answer to Petitioner's Habeas Corpus Petition, which memorandum was filed October 2, 2009 (Document 10-1 through 10-2); and

        b) Exhibits A through BB (Documents 10-4 through 10-7);

    3) Commonwealth's Supplemental Response in Opposition to Petition for Writ of Habeas Corpus, which supplemental response was filed February 19, 2010 (Document 15);

    4) Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport filed March 15, 2010 ("Original R&R")(Document 16)

5) Amended Petition in Conformity with the Requirements of the Rules Governing Section 2254 Cases, which amended petition was filed by petitioner pro se on July 15, 2011 ("Amended Petition")(Document 34);

6) Response by David DiGuglielmo, et al, to Petitioner's Amended Petition, which response was filed August 22, 2011 (Document 36);

7) Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport filed December 29, 2011 ("Second R&R")(Document 38); and

8) Petitioner's Objections to Magistrate's Report and Recommendation Dated December 29, 2011, which objections were filed by petitioner pro se on December 12, 2012 (Document 50); together with

   a) Memorandum of Law in Support of Objections to Magistrate's Report and Recommendation Dated 12/29/11, which memorandum of law was filed by petitioner pro se on December 12, 2012 (Document 51);

it appearing the late United States Magistrate Judge Arnold C. Rapoport's Report and Recommendation dated March 15, 2010 ("Original R&R") recommended that petitioner's Original Petition be dismissed because petitioner's claims were time-barred; it further appearing that by Order dated October 25, 2010, and filed October 26, 2010 (Document 25), I granted petitioner leave to amend his habeas corpus petition in order to support his claims that the Commonwealth of Pennsylvania interfered with his filing of a timely petition; it further appearing that petitioner filed his Amended Petition (Document 34) on July 25, 2011, and by Order dated and filed July 21, 2011 (Document 35), I remanded this matter to Magistrate Judge Rapoport for consideration of the

Amended Petition; it further appearing that Magistrate Judge Rapoport filed a Report and Recommendation on December 29, 2011 ("Second R&R"); it further appearing that by Order dated March 20, 2012 and filed March 21, 2012 (Document 40), I approved and adopted the Second R&R and dismissed petitioner's habeas corpus petition; it further appearing that by Order dated April 11, 2012 and filed April 12, 2012 (Document 42), I granted petitioner's request for reconsideration of my Order dated March 20, 2012 and filed March 21, 2012 and granted petitioner leave to file objections to the Second R&R; it further appearing that on December 12, 2012 petitioner filed Petitioner's Objections to Magistrate's Report and Recommendation Dated December 29, 2011 and Memorandum of Law in Support of Objections to Magistrate's Report and Recommendation Dated 12/29/11;[1] it appearing that petitioner's objections to Magistrate Judge Rapoport's Second R&R are, with the exception of the objections discussed in footnote 5 below, a restatement of arguments raised by petitioner in his Original Petition and Amended Petition; it

---

[1] After filing his objections to the Second R&R, petitioner twice requested an extension of time to further object to the Second R&R (Documents 54 and 56). By Order dated and filed December 18, 2013 (Document 55) I granted petitioner's first request for an extension of time. By Order dated April 17, 2014 and filed April 18, 2014 (Document 57), I granted petitioner's second request for an extension of time.

On May 5, 2014, petitioner filed a Notice to the Court (Document 58) which stated that petitioner had filed his objections to the Second R&R and memorandum of law in support of such objections and that petitioner would stand on those at this time.

further appearing, after de novo review of this matter,[2] that the Report and Recommendation of Magistrate Judge Rapoport correctly determined the pertinent legal and factual issues presented in the Original Petition and Amended Petition,

IT IS ORDERED that Petitioner's Objections to Magistrate's Report and Recommendation Dated December 29, 2011 are overruled.[3]

---

[2] When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections. 28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of his or her sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge. Raddatz, supra.

[3] Petitioner objects to the conclusion reached by Magistrate Judge Rapoport in the Second R&R that petitioner's habeas corpus petition ia time-barred and that petitioner is not entitled to equitable tolling to cure the late filings.

Section 2244(d)(1) of Title 28 of United States Code provides that "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The United States Supreme Court in Day v. McDonough, held that "district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376, 387 (2006).

A petitioner is entitled to equitable tolling of the one-year period of limitation only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130, 149 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669, 679 (2005)).

(Footnote 5 continued):

IT IS FURTHER ORDERED that the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport filed December 29, 2011 is approved and adopted.

---

(Continuation of footnote 5):

Petitioner's objection contends that petitioner is entitled to equitable tolling of this federal limitations period because petitioner argues that he has pursued his claims diligently and some extraordinary circumstance stood in his way. Specifically, petitioner contends that he is entitled to equitable tolling because he diligently pursued his claims because he was continuously litigating issues in state post-conviction courts and that extraordinary circumstances prevented him from timely filing his habeas petition. Specifically, petitioner alleges that he suffered from Post-Traumatic Stress Disorder ("PTSD") as a result of mistreatment by prison officials, and argues that his PTSD flawed his comprehension of the laws and should be considered an extraordinary circumstance.

In order to demonstrate that he has pursued his rights diligently, "petitioner must ... show that he acted with reasonable diligence." Traub v. Folio, 2004 U.S. Dist. LEXIS 20335, 6 (E.D.Pa. Oct. 5, 2004)(Baylson, J.). Additionally, in order to determine whether petitioner acted with reasonable diligence, "the district court must examine [p]etitioner's due diligence in pursuing the matter under the specific circumstances he faced.". Id.

As Magistrate Judge Rapoport noted in his Second R&R, petitioner has not demonstrated that he exercised due diligence under the specific circumstances he faced. Although petitioner alleges that his circumstances prevented him from timely filing his habeas petition, in the period of time when petitioner could have been filing the instant habeas petition in federal court, petitioner filed several PCRA petitions and notices of appeal. Petitioner has not met his burden of showing that he diligently pursued his federal habeas petition when he took no timely action for his federal habeas petition and yet pursued several issues in state court during the same time period.

Furthermore, even if petitioner had shown that he pursued his rights diligently, petitioner has not shown that extraordinary circumstances prevented his timely filing. Although mental incompetence may furnish a ground for equitable tolling if the alleged incompetence affects the petitioner's ability to file an action on time, see Champney v. Secretary Pennsylvania Department of Corrections, 469 F.Appx 113, 117 (3d Cir. 2012), petitioner has not demonstrated that he was mentally incapable of filing court documents during the relevant period. Rather petitioner filed multiple petitions in state court during the relevant period.

As clearly and accurately explained by Magistrate Judge Rapoport in the Second R&R, petitioner has neither demonstrated that he has been pursuing his rights diligently, nor that extraordinary circumstances stood in his way and prevented timely filing. Accordingly, petitioner's objection to Magistrate Judge Rapoport's conclusion that petitioner is not entitled to equitable tolling is overruled.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus is dismissed with prejudice as untimely, without a hearing.

IT IS FURTHER ORDERED that because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge